854 F.2d 1327
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
GRAVITY GUIDANCE, INC., Plaintiff-Appellee,
v.
Roger TEETER and Jennifer Teeter d/b/a Sky's The Limit,
Defendants-Appellants.
 No. 88-1174.
 United States Court of Appeals, Federal Circuit.
 July 1, 1988.
 
 Before ARCHER, MAYER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the United States District Court for the Western District of Washington, No. C83-824T (W.D.Wash.1986), on cross-motions for partial summary judgment holding plaintiff's patent valid and infringed, is affirmed.
 
 OPINION
 
 2
 Our review of the record convinces us that the district court did not err in its determination that (1) there were no genuine issues of material fact, (2) the 3,380,447 (Martin) patent had not been shown to be invalid, and (3) Teeter had willfully infringed the Martin patent. Teeter's primary argument on appeal is that the claimed invention is anticipated by the 2,209,310 (Gibson) patent. But a patent is presumed valid, see 35 U.S.C. Sec. 282, and when Martin is construed in light of the specification it is clear that there are significant differences between the Gibson and Martin devices. Accordingly, the district court correctly determined that Teeter had failed to carry its burden to establish anticipation. See, e.g., Lindemann Maschinenfabrik GMBH v. American Hoist & Derrick Co., 730 F.2d 1452, 1458, 221 USPQ 481, 485 (Fed.Cir.1984) (anticipation is a factual determination which is reviewed under the clearly erroneous standard).
 
 
 3
 MICHEL, Circuit Judge, dissenting.
 
 
 4
 In its grant of summary judgment, the district court simply stated that "[t]he patent rights asserted by Plaintiff are valid." This conclusion the majority affirms solely on the ground that the Teeters failed to carry their burden to establish anticipation of the Martin claims by the prior art Gibson patent. I am not convinced, however, that the sole issue on appeal with respect to validity was anticipation. The appellants did make the basic argument that, if the courts which had previously considered the Martin patent had had Gibson before them in addition to the previously-cited prior art, the Martin patent would have been found invalid. To me this is necessarily an obviousness argument. Furthermore, in my view, Gibson, together with the previously-cited prior art, is more than enough to render the claimed invention obvious to one of ordinary skill in the art.
 
 
 5
 Even if I confine my views on validity to the issue of anticipation, I do not agree with the majority that the differences between Gibson and the claims of Martin are "significant" and can be used to distinguish Martin as patentable. Rather, it appears to me that for each feature recited in the first (and only independent) claim of Martin there exists corresponding structure in Gibson.
 
 
 6
 It is the claims of the Martin patent which provide the concise, operative definition of the invention and, therefore, it is to the words of the claims that we must look to determine the scope of the patented invention. Autogiro Co. of America v. United States, 384 F.2d 391, 395-96, 155 USPQ 697, 701 (Ct.Cl.1967). Particular limitations or embodiments appearing in the specification should not be read into the claims, Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861, 867, 228 USPQ 90, 93 (Fed.Cir.1985), although the descriptive portion of the patent specification can properly be relied upon to aid in an interpretation of the terms contained in the claims. Standard Oil Co. v. American Cyanamid Co., 774 F.2d 448, 452, 227 USPQ 293, 296 (Fed.Cir.1985). Moreover, claim interpretation is a question of law, and this court need not defer to the district court under standards appropriate to factual determinations. Loctite, 781 F.2d at 866, 228 USPQ at 93. Accordingly, only differences which relate to the limitations stated in the claims, as those limitations are properly interpreted, can be used to determine whether legally significant differences exist between Gibson and Martin.
 
 
 7
 The appellee basically concedes structural identity of its boot with the Gibson device, but argues, relying on the preamble of claim 1 and the patent specification, that its boot pertains specifically to "inversion" or "hanging" and thus is distinguishable from Gibson. The preamble of Martin's first claim recites: "In a device of the class described, an inversion boot...." The claims proceed to describe the structure of the Martin boot. Appellee thus asserts that the denomination of the Martin structure as an "inversion boot" means that the claimed structure is an ankle device for use in "hanging a person from an inverted position from a horizontal bar." However, Martin's first claim does not mention "inversion" as uniquely accomplished by "hanging." Moreover, Gibson also discloses a device which, although not said to be for "hanging," nonetheless acts to place a set of forces on the body which are "inverse" to those normally applied by gravity to the body while standing.
 
 
 8
 Had this been the first time that this patent was subjected to judicial review, it might be proper to find that Gibson does not anticipate Martin by interpreting the term "inversion" in the patent claims by reference to the specification's limitation of "inversion" to "hanging" upside down, in contrast to the general "inversion" of the direction of the usual forces of gravity on the body as shown by Gibson. However, the litigation history of the Martin patent shows that it would be improper to incorporate "hanging" as used in the specification into the "inversion" limitation contained in the claim of Martin.
 
 
 9
 In prior litigation involving the Martin patent, it was specifically determined that Martin had claimed a specific ankle boot structure and that the "hanging" aspect emphasized by the appellee here was not viewed as significant. For example, in one prior suit (in which Gibson was not cited as prior art) it was observed that:
 
 
 10
 Plaintiff, however, is not claiming to have patented the idea of hanging upside down and such would be ridiculous since "obviously anyone knows that you can suspend yourself upside down by taking a rope and tying it to a higher object." Martin v. Wittmer, No. 82-71298, 220 USPQ 24 (E.D.Mich.1982). Rather, plaintiff has patented a means of hanging upside down. (emphasis in original)
 
 
 11
 The prior art submitted by defendants shows that the concept of treating back problems by inversion is not a unique method of treatment. The same prior art shows, however, that plaintiff's ankle holders, a device to achieve the inversion, are unique and nonobviousness [sic] as a means of treatment.
 
 
 12
 Gravity Guidance, Inc. v. Weseman, 220 USPQ 953, 957 (D.Minn.1983) (portion of magistrate's report on validity as adopted by the district court, 220 USPQ 1038, 1040 (D.Minn.1983)). Confronted in the earlier suits with the prior art which disclosed "hanging" but not their disclosed structure, appellee conceded that the prior art disclosed "hanging" but argued that its invention should be distinguished from that "hanging" art on the basis of unique structure. Now, confronted with newly-discovered prior art which discloses its structure, the appellee argues that its claims are limited to that structure as used solely for "hanging." In my view, the appellee should not be allowed to benefit from such inconsistent arguments, but should be bound both by prior rulings on limitations and present concessions on identity of structure.
 
 
 13
 Furthermore, a defendant is not precluded from attempting to show invalidity of a patent simply because that patent has not been shown invalid in prior suits, Allen Archery, Inc. v. Browning Manufacturing Co., 819 F.2d 1087, 1091, 2 USPQ2d 1490, 1492-93 (Fed.Cir.1987), especially when newly-discovered prior art not at issue in the prior suits is presented. Stevenson v. Sears, Roebuck & Co., 713 F.2d 705, 711 n. 5, 218 USPQ 969, 974 n. 5 (Fed.Cir.1983).
 
 
 14
 Under the foregoing view of how the claims of Martin, as a matter of law, should have been interpreted, it appears quite clear that appellants produced a previously uncited reference which, unlike the references cited during prosecution or prior litigation of the Martin patent, disclosed all of the structure set forth in the claims. In my opinion, Gibson anticipates Martin and the court below should have so found. I would reverse the district court on the issue of validity; therefore, I dissent.